**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2483
_____

LAN ZHEN LIN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-204-271)
Immigration Judge:  Honorable Donald Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 5, 2012
Before:  RENDELL, VANASKIE and GARTH, Circuit Judges

(Opinion filed: September 6, 2012)
_____

OPINION
_____

PER CURIAM

        Lan Zhen Lin petitions for review of a decision of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

        Lin, a native of China, entered the United States without inspection in July 1999.

In February 2000, she was charged as removable for not having a valid entry document.

She conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture. After a hearing in 2004, an Immigration Judge (IJ) denied relief. The IJ also determined that Lin had filed a frivolous asylum application. In May 2005, the BIA summarily affirmed the IJ's decision.

In March 2011, Lin filed a motion to reopen in which she alleged that she would be persecuted if removed to China because she was a practitioner of Falun Gong. The BIA denied the motion as untimely, concluding that Lin had not shown a change in country conditions with respect to China's treatment of Falun Gong practitioners. Lin filed a petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). We review the BIA's factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). An alien generally may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). There is an exception to the time and number requirements for motions

2

that rely on material evidence of changed circumstances arising in the country of nationality. 8 C.F.R. § 1003.2(c)(3).

The BIA noted that Lin had provided evidence of human rights abuses around the time of the 2008 Olympic games in Beijing. However, it also observed that Lin's evidence showed that the Chinese government had targeted Falun Gong practitioners since 1999. The BIA concluded that Lin had not shown that the situation for Falun Gong practitioners was more dire in 2011 than it had been in 2004 at the time of her hearing or that the increased abuses at the time of the Olympics had continued. A.R. at 3-4. In her brief, Lin merely argues that the evidence of the changed country conditions is in the record and criticizes the BIA for failing to discuss the evidence. She does not, however, quote from any particular report or article in the record to support her argument. We have previously explained that the BIA is not required to "write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Filja, 447 F.3d at 256 (citation omitted). Here, it is clear that the BIA considered the evidence Lin had submitted and sufficiently explained the reasons for its decision.

Lin has not shown that the BIA abused its discretion in denying her motion to reopen. Accordingly, we will deny the petition for review.